UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DAVID LOYD,

                Plaintiff,

                                            CASE NO. 2:08-CV-12536
v.                                           HONORABLE AVERN COHN

LEONARD TOWNSEND, et al.,

                Defendants.
_____/

## ORDER DISMISSING COMPLAINT AND
## CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I. Introduction

Plaintiff James David Loyd, a Michigan prisoner, has filed a civil rights complaint under 42 U.S.C. § 1983. The Court has granted plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, plaintiff challenges his criminal proceedings and asserts that his continued incarceration is unlawful. Plaintiff names Wayne County Circuit Judge Leonard Townsend, prosecutor Lisa Raymond, and defense attorney Jacquelyn George as defendants in this action. He seeks monetary damages and injunctive relief. For the reasons that follow, the complaint will be dismissed for failure to state a claim upon which relief may be granted and on grounds that defendants are immune from suit. The Court also concludes that an appeal cannot be taken in good faith.

## II.  Discussion

### A.

The Court, on its own initiative, is required to dismiss a complaint filed *in forma pauperis* prior to service upon a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v.  Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the complaint is subject to summary dismissal.

### B.

Plaintiff's complaint is subject to dismissal because he challenges his continued

imprisonment – which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id.* at 487-89.  If Plaintiff were to prevail on his claims, the validity of his continued confinement would be called into question.  Accordingly, such claims are barred by *Heck* and must be dismissed.

Plaintiff's complaint is also subject to dismissal because all of the defendants are immune from suit.  First, defense lawyer Jacquelyn George, acting as a public defender or court-appointed counsel, is not a state actor subject to suit under § 1983.  *See Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  Thus, George is entitled to immunity.

Second, prosecutor Lisa Raymond is absolutely immune from suit to the extent that plaintiff challenges the prosecutor's actions in pursuing criminal charges against him.  It is well-established that prosecutors are entitled to absolute immunity for conduct

3

intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity extends to a prosecutor's decision to file a criminal complaint. *See, e.g., Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). Thus, plaintiff's complaint against Raymond must be dismissed.

Lastly, Wayne County Circuit Court Leonard Townsend is also entitled to absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"). Plaintiff's claim against Townsend clearly involves actions taken during the performance of his judicial duties. Thus, plaintiff's complaint against Townsend must be dismissed because he is immune from suit for such conduct.

### III.  Conclusion

For the reasons stated above, plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and all defendants are immune from suit under § 1983. Accordingly, the complaint is **DISMISSED**. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good

faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

          s/Avern Cohn  
          AVERN COHN  
          UNITED STATES DISTRICT JUDGE

Dated: June 19, 2008

I hereby certify that a copy of the foregoing document was mailed to James Loyd 247625, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 the attorneys of record on this date, June 19, 2008, by electronic and/or ordinary mail.

          s/Julie Owens  
          Case Manager, (313) 234-5160